**R. Donald GOBLE, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 92–SC–613–KB.

Supreme Court of Kentucky.

Jan. 21, 1993.

Richard E. Fitzpatrick, Gess, Mattingly & Atchison, Lexington, J. Guthrie True Stoll, Keenon & Park, Frankfort, for movant.

R. Donald Goble, pro se.

Bruce K. Davis, Executive Director, Scott D. Majors, Janis E. Clark, Kentucky Bar Ass'n, Frankfort, for respondent.

## OPINION AND ORDER

The movant has been charged in a disciplinary proceeding with violating various provisions of the Kentucky Rules of Professional Conduct. Specifically, the Inquiry Tribunal charged that movant violated (1) SCR 3.130–1.15(a) by engaging in "check kiting;" (2) SCR 3.130.–1.15(b) by failing to properly disburse funds and property to which his client was entitled; (3) SCR 3.130–8.3(b) and (c) by having his client's signature forged or otherwise reproduced on a settlement check, Settlement Agreement, and Right-of-Way agreement; and (4) SCR 3.130–8.1(a) by making intentional misrepresentations of fact to the Inquiry Tribunal regarding the client's alleged signature on the documents referenced hereinabove.

On July 29, 1992, movant filed a motion with this Court to resign from the Kentucky Bar Association for a period of five (5) years, but not under terms of disbarment. The KBA filed an objection and this Court entered an Order on September 15, 1992, which denied the motion.

Since this matter was first presented to the Court, the parties have taken three additional discovery depositions and have obtained handwriting exemplars, which relate to the forgery allegations. Upon completion of this discovery, the parties are now in agreement that there is insufficient evidence to believe that movant violated SCR 3.130–8.1(a), 8.3(b), and 8.3(c).

Movant again seeks to terminate this disciplinary proceeding by acknowledging to this Court that he improperly commingled his client's trust funds with non-client

funds in violation of SCR 3.130–1.15(a). As a proposed final disposition, movant has offered to resign from the Kentucky Bar Association under terms of suspension for a period of five (5) years. The KBA does not object to the motion based upon the acknowledgement of improper conduct. Movant asserts and the KBA agrees that the clients in the underlying litigation were made whole by the movant prior to the initiation of this disciplinary proceeding.

It should further be noted that on December 22, 1992, after the above matter had been submitted to the Court, the Continuing Legal Education Commission of the Kentucky Bar Association filed a motion requesting this Court to enter an additional order of suspension for appellant's failure to meet the requirements of SCR 3.661 for the year ending June 30, 1992.

IT IS THEREFORE ORDERED THAT:

1. Movant shall not be permitted to engage in the practice of law, as defined in SCR 3.020, in the Commonwealth of Kentucky until such time as this Court enters an order reinstating his membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement until expiration of a period of five (5) years after entry of this order. Notwithstanding the foregoing, the Movant shall not file such application as long as there exists any outstanding claim or unsatisfied judgment arising from his professional misconduct, including but not limited to any amounts due the Kentucky Bar Association on behalf of the Client's Security Fund.

3. Any application for reinstatement filed by the Movant shall be governed by SCR 3.510, "Reinstatement in Cases of Suspension," or any subsequent amendment to SCR 3.510. The present investigation and disciplinary proceeding initiated by the Inquiry Tribunal against this movant shall be terminated with the Movant to pay all costs in accordance with SCR 3.450(1) and SCR 3.480(3).

4. Movant shall comply with the provisions of SCR 3.390 by promptly notifying all courts in which he has matters pending and all clients for whom he is actively involved in litigation and other similar matters of his inability to continue to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the entry of this order, and Movant shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association. Movant shall promptly return all active files to his clients.

All concur.

ENTERED: January 21, 1993.

/s/ Robert F. Stephens
CHIEF JUSTICE